**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-7036**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ALBERT WILKERSON, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-00-9; CA-02-161-1)

———————————

Submitted: July 28, 2004       Decided: August 13, 2004

———————————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

John Albert Wilkerson, Jr., Appellant Pro Se. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Albert Wilkerson, Jr., moves for a certificate of appealability. We deny the motion and dismiss the appeal for lack of jurisdiction because Wilkerson has not filed a timely notice of appeal. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Wilkerson's § 2255 motion was entered August 19, 2002. Wilkerson's next filing was a letter dated April 7, 2004.[1] Construing the letter as a notice of appeal, it is clearly untimely. In a May 7, 2004, order responding to the April 7 letter, the district court instructed Wilkerson to file in this court a motion for a certificate of appealability and implicitly denied Wilkerson's request in his April 7 letter to give him permission to appeal. Wilkerson adhered to the court's

---

[1]For the purpose of this appeal, we assume the date appearing in the letter is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

instruction and filed the petition in this court on May 31, 2004. Construing this filing as a notice of appeal from the August 19, 2002, order, it is also untimely.

Accordingly, we dismiss the appeal for lack of jurisdiction and deny as moot the petition for a certificate of appealability.[2]

DISMISSED

---

[2]Construing the petition for a certificate of appealability as a notice of appeal from the May 7 order is also without merit. The district court's implicit denial of permission to file a notice of appeal is without error. See Fed. R. App. P. 4(a)(5), (6).

- 3 -